UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/18/2025__
```

JEANNE OMLOR,

        Plaintiff,

-against-

ALFONSO AMELIO,

        Defendant.

24 Civ. 10057 (AT) (SN)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court are: (1) a Report and Recommendation ("R&R") from the Judge Netburn, recommending that the Court dismiss this case on the grounds that it was improperly removed to federal court, and (2) Defendant *pro se* Alfonso Amelio's objections to the R&R. R&R, ECF No. 14; Obj., ECF No. 22; Supp. Obj., ECF No. 23. For the reasons stated below, the Court ADOPTS Judge Netburn's R&R, OVERRULES Defendant's objections, and dismisses this case.

## BACKGROUND

    On December 24, 2024, Defendant *pro se*, Alfonso Amelio, filed a Notice of Removal from the New York County Supreme Court, *see* ECF No. 1, seeking to remove a 2017 consolidated divorce proceeding from New York state court to this Court. The Court referred the matter to the Hon. Sarah Netburn, *see* ECF No. 5, and Judge Netburn subsequently issued an order requiring Defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction, or, in the alternative, because removal was untimely, *see* ECF No. 9.

    Following Defendant's response, *see* ECF No. 10, Judge Netburn issued an R&R on August 8, 2025, recommending that the Court dismiss the matter because Amelio's removal was untimely or, in the alternative, because the Court lacked subject matter jurisdiction. *See* R&R at

9 & n.2.[1]  Amelio filed several motions for extensions of time to respond to Judge Netburn's R&R, ultimately filing both a set of objections and a fourth request for an extension of time to object on September 26, 2025.  *See* Obj.  Amelio then filed a subsequent letter providing his "supplemental objection" on September 29.  *See* Supp. Obj. at 5–6.  The Court has, in its discretion, considered the points raised in the September 29 letter as supplemental objections.  *See In re Burger Boys, Inc.*, 94 F.3d 755, 760–61 (2d Cir. 1996) ("The decision to grant or deny a motion for an extension of time is generally within the discretion of the appropriate court.").

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  While a Court must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), the Court "may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record," *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  And where an objection is "conclusory" and non-specific, the Court will also review for clear error.  *See, e.g.*, *Colida v. Nokia Inc.*, No. 07 Civ. 8056, 2008 WL 4449419, at *1 (S.D.N.Y. Sept. 29, 2008).  Clear error exists where a reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

---

[1] The R&R recommended that the Court dismiss, rather than remand, the action, "[b]ecause it appears that the state court action is on appeal."  R&R at 9 n.2.  The Court agrees.  *See* Notice of Appeal, *Amelio v. Omlor*, No. 2021-00276 (N.Y. App. Div. Jan. 25, 2021).

## DISCUSSION

Although the Court construes Amelio's objections broadly, as it must, Amelio makes no objection to Judge Netburn's determination as to timeliness. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). Judge Netburn concluded that Amelio was served with the initial pleading in the state court action on February 17, 2017, rendering his notice of removal, filed over seven years later on December 24, 2024, untimely. *See* R&R at 3. Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days" after the defendant receives a copy of the initial pleadings or summons in the underlying state court action. *Id.* Failure to file a timely notice of removal provides a basis for denying removal. *See, e.g.*, *Hallenbeck v. Transgas, Inc.*, 53 F. Supp. 2d 543, 544–45 (N.D.N.Y. 1999); *Raymond C. Green Funding, LLC v. Ocean Development Precinct I, LLC*, No. 22 Civ. 1324, 2022 WL 17413951, at *1 (D. Conn. Dec. 5, 2022); *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) ("[S]tatutory procedures for removal are to be strictly construed . . . ." (citation omitted)).

Amelio argues that the R&R "disregards arguments establishing federal jurisdiction," "rests on state-court determinations that raise due process and [Americans with Disability Act] concerns," and "fail[s] to address evidence of fraud upon the court and other matters." Obj. at 2. Amelio's supplemental objections repeat these same claims with more specificity, arguing that: (1) Amelio has indeed shown that federal question subject matter jurisdiction exists due to his claims that the state court proceedings deprived him of due process, Supp. Obj. at 2–3; (2) removal itself confers federal jurisdiction, *id.* at 3; and (3) Judge Netburn improperly refused to recuse herself from this case, due to personal investments in "government municipal bonds,

funds, and stocks," *id.* at 4.[2]  However, none of these arguments claim that Amelio's notice of removal was, in fact, filed on time, in compliance with requirements of 28 U.S.C. § 1446(b).[3]

Accordingly, the Court reviews Judge Netburn's conclusion that removal was untimely for clear error and finds none.[4]

## CONCLUSION

Accordingly, the Court ADOPTS the R&R and OVERRULES Defendant's objections. Removal is DENIED, and the matter is dismissed.

The Clerk of Court is respectfully directed terminate the motion at ECF No. 22 and to close the case.

SO ORDERED.

Dated: November 18, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Amelio's suggestion that Judge Netburn's actions in this case "raise[] serious concerns regarding impartiality and fairness" is based on Judge Netburn's public financial disclosure form, which allegedly reflects investment in state and municipal bonds.  *See* ECF No. 12 at 4; ECF No. 12-1.  This argument is wholly conclusory and speculative; Amelio provides no reason that Judge Netburn's investment in a government bond gave rise to a personal financial incentive to recommend denying removal in this case, a state court matrimonial action.

[3] Amelio's objections also reference his "delayed receipt of extension orders," Supp. Objs. at 3, and argue for an extension of "deadlines," Objs. at 2–3.  The Court reads these arguments to solely relate to Amelio's requests for an extension of time to file objections.  However, even if, construed broadly, the Court were to consider Amelio's statement that a "[c]ourt may extend deadlines for good cause and excusable neglect" to encompass an objection to Judge Netburn's conclusion on timeliness, that objection would still be conclusory, and thus reviewed for clear error.  *See* Objs. at 2.

[4] Given that the Court denies removal solely on the basis of timeliness, the Court need not consider Judge Netburn's separate recommendation to deny removal on the basis of lack of subject-matter jurisdiction, nor Amelio's objections to that recommendation.  *See* R&R at 4–8.