UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JEANNE OMLOR,

               Plaintiff,

               -against-

ALFONSO AMELIO,

               Defendant.

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  __6/1/2026__ |

24 Civ. 10057 (AT) (SN)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

On December 16, 2025, Defendant *pro se*, Alfonso Amelio, filed a motion under Federal Rule of Civil Procedure 59(e) asking the Court to alter or amend its order entered November 18, 2025, ECF No. 24, which adopted Judge Netburn's report and recommendation ("R&R"), ECF No. 14, denied removal because it was untimely, and dismissed the action because the state court action was on appeal. *See* Mot., ECF No. 25, at 1; ECF No. 24 at 2–4.

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).  Reconsideration will thus "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  Although this standard is strict, the Court is nonetheless mindful that Defendant is acting *pro se*, and accordingly, interprets his motion "liberally . . . so as to raise the strongest arguments [it] suggest[s]." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (citation omitted).

Defendant's arguments are without merit.  First, Defendant argues that the Court committed error by failing to "determin[e] whether subject-matter jurisdiction existed under 28 U.S.C. § 1331." Mot. at 2.  This was not error:  even if the Court had concluded that it had diversity jurisdiction under § 1331, if a defendant files an untimely notice of removal, that is a sufficient basis to remand the action.  *See, e.g.*, *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 150–51 (2d Cir. 2023) (affirming a remand of a removed case on the basis of timeliness "without reaching the question of whether federal jurisdiction exists").  Defendant's similar argument as to federal question jurisdiction fails for the same reason.  *See* Mot. at 3.

Second, Defendant argues that he did, in fact, object to the R&R's conclusion concerning timeliness.  But Defendant's statement that he "objected to the R&R in its entirety," Mot. at 2, is insufficient—"even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).  The mere statement that the Defendant objects to the R&R "in its entirety" is conclusory.  *See* Objs., ECF No. 22, at 2; *Nambiar v. C.*

*Orthopedic Group, LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (explaining that "a party must object to the finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (citation omitted)).  Defendant's alternative assertion that he "argued [that] improper service—tied to the void merger—never triggered the 3-day clock under 28 U.S.C. § 1446(b)(1)," Mot. at 2, is incorrect.  Nowhere did Defendant argue in his objections, *see* ECF No. 22, or supplemental objections, *see* ECF No. 23, that improper service in the state court action ultimately rendered the removal sought here timely.  Therefore, the Court properly reviewed Judge Netburn's recommendation regarding timeliness for clear error and found none.  *See* ECF No. 24 at 4.

Defendant's remaining arguments are either irrelevant or were expressly considered by the Court in adopting the R&R.[1]  Accordingly, the Court DENIES Defendant's motion.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 25 and mail and email a copy of this order to Defendant *pro se*.

SO ORDERED.

Dated:  June 1, 2026
    New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Defendant "requests that the Court consider supplemental filings submitted immediately after receipt of late or misdirected orders."  Mot. at 5.  The Court has considered, and did consider, each of Defendant's filings in entering its November 18 order, *see* ECF No. 24 at 1, and found that nowhere in those filings had Defendant raised a proper objection to the basis upon which the Court dismissed the action.  *See* ECF Nos. 22–24.  Likewise, the Court considered, and rejected, Defendant's suggestion that Judge Netburn acted improperly in this case.  *See* Mot. at 4; ECF No. 24 at 4 n.2.